1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                           **DISTRICT OF NEVADA**

8

9   SCOTTIE RAY VAN NORT,                    )
                                             )
10                          Plaintiff,       )        **3:09-cv-00042-LRH-RAM**
                                             )
11  vs                                       )
                                             )        <u>ORDER</u>
12  GLEN FAIR, et al.,                       )
                                             )
13                          Defendants.      )
                                             )

14

15        Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, has

16  submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (#14-1).  The Court has

17  screened plaintiff's amended civil rights complaint pursuant to 28 U.S.C. § 1915A and finds that it

18  must be dismissed in part.

19  **I.    Screening Pursuant to 28 U.S.C. 1915A**

20        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks

21  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. §

22  1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that

23  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

24  relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se

25  pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696,

26  699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

27  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and

28

1  (2) that the alleged violation was committed by a person acting under color of state law.  *See West v.*

2  *Atkins*, 487 U.S. 42, 48 (1988).

3      In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

4  Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of

5  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief

6  may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28

7  U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be

8  granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same

9  standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

10  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend

11  the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

12  complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70

13  F.3d. 1103, 1106 (9th Cir. 1995).

14      Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*

15  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a

16  claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the

17  claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.

18  1999).  In making this determination, the Court takes as true all allegations of material fact stated in

19  the complaint, and the Court construes them in the light most favorable to the plaintiff.  *See*

20  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).   Allegations of a pro se complainant are

21  held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449

22  U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard

23  under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than

24  mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).  A

25  formulaic recitation of the elements of a cause of action is insufficient.  *Id., see Papasan v. Allain*,

26  478 U.S. 265, 286 (1986).

27

28

1    All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

2    prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

3    conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims

4    of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

5    factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319,

6    327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

7  **II.      Screening of the Complaint**

8        Plaintiff sues defendants Carson City; Carson City's Board of County Commissioners; John

9    Doe #1, Carson City Deputy Sheriff; John Doe, policy maker for Carson City; Sgt Doe #1, deputy

10   sgt. of Carson City; Sgt. Doe #2, deputy sgt. of Carson City; Glen Fair, sgt. deputy sheriff; Kenny

11   Furlong, Carson City Sheriff; and Clay Wall, lieutenant deputy sheriff.  Plaintiff sues regarding

12   alleged constitutional violations occurring during his fourteen-day incarceration in the Carson City

13   jail from June 3, 2008, to June 17, 2008.   Plaintiff seeks monetary damages as well as injunctive and

14   declaratory relief.

15       **A.      Defendants**

16       The Civil Rights Act under which this action was filed provides:

17           Every person who, under color of [state law]     . . . subjects, or causes
             to be subjected, any citizen of the United States. . . to the deprivation
18           of any rights, privileges, or immunities secured by the Constitution. . .
             shall be liable to the party injured in an action at law, suit in equity, or
19           other proper proceeding for redress.  42 U.S.C. § 1983.

20   The statute plainly requires that there be an actual connection or link between the actions of the

21   defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department*

22   *of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit

23   has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the

24   meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or

25   omits to perform an act which he is legally required to do that causes the deprivation of which

26   complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  A Section 1983

27

28

3

1   municipal liability claim lies only if a municipality causes a constitutional violation through a policy

2   or custom. *See  Harper v. City of Los Angeles*, 533 F.3d 1010, 1024-25 (9th Cir. 2008).

3        **B.      Count I**

4        In count one, plaintiff alleges that during his fourteen-day incarceration at the Carson City

5   Jail as a pretrial detainee, his Fourteenth Amendment right to due process was violated.

6   Specifically, he claims that he was subjected to conditions and treatments intended as and/or

7   constituting punishment without first being afforded due process.  He claims that he was housed in a

8   temporary holding cell measuring forty to forty-five square feet without a bed, while cells with beds

9   were left empty elsewhere in the facility.  Plaintiff further claims that the light in his cell was never

10  dimmed and the cell contained no external windows.  He states that these conditions caused

11  disorientation and sleep deprivation.  Plaintiff claims that he was denied regular exercise outside the

12  cell and was prohibited from exercising in the cell, causing physical atrophy and other symptoms.

13  Plaintiff claims that he was refused access to cleaning supplies, was permitted to launder his one set

14  of clothes only once per week, and refused access to regular showers.  He states that all of these

15  conditions resulted in sickness.  Finally, he claims that his toilet use was subject to casual

16  observation, including by female inmates.

17       Plaintiff claims that defendants Wall, Furlong, and John Doe policymaker each failed to

18  promulgate a  policy/custom, train, supervise or discipline so as to prevent the alleged violations.

19  He also claims that the alleged violations were caused by a policy or custom of Carson City.  He

20  claims that each defendant acted in bad faith and with intent to punish him.

21       The Due Process Clause of the Fourteenth Amendment applies to cases concerning

22  conditions of confinement of pretrial detainees, not the Eighth Amendment prohibition against cruel

23  and unusual punishment, which only protects convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520,

24  535 (1979); *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).  In evaluating the constitutionality

25  of conditions or restrictions of pretrial detention that implicate only the protection against

26  deprivation of liberty without due process of law, it appears that the proper inquiry is whether those

27  conditions amount to punishment of the detainee.  For under the Due Process Clause, a detainee may

28

4

1    not be punished prior to an adjudication of guilt in accordance with due process of law.  *Bell*, 441

2    U.S. at 535; *see also Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40, 674 (1977).

3         To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

4    conditions must involve "the wanton and unnecessary infliction of pain."  *Rhodes v. Chapman*, 452

5    U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must

6    provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  *Id*.;

7    *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9ᵗʰ Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246

8    (9ᵗʰ Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement,

9    prison officials may be held liable only if they acted with "deliberate indifference to a substantial

10   risk of serious harm."  *Frost v. Agnos*, 152 F.3d 1124, (9ᵗʰ Cir. 1998) (citing *Farmer v. Brennan*, 511

11   U.S. 825, 835 (1994).  The deliberate indifference standard involves an objective and a subjective

12   prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  *Farmer v.*

13   *Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison

14   official must "know of and disregard an excessive risk to inmate health or safety."  *Id*. at 837.  Thus,

15   "a prison official may be held liable under the Eighth Amendment for denying humane conditions of

16   confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by

17   failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. at 835.  Prison

18   officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by

19   presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  *Id*. at 844-45.  Mere

20   negligence on the part of the prison official is not sufficient to establish liability, but rather, the

21   official's conduct must have been wanton.  *Farmer v. Brennan*, 511 U.S. at 835; *Frost v. Agnose*,

22   152 F.3d at 1128; *see also Daniels v. Williams*, 474 U.S. 327, 33 (1986).

23        The Ninth Circuit has held that there is no legitimate penological justification for requiring

24   inmates to suffer physical and psychological harm by living in constant illumination.  *Keenan v.*

25   *Hall*, 83 F.2d 1083, 1090 (9ᵗʰ Cir. 1996), *amended by*  135 F.3d 1318 (9ᵗʰ Cir. 1998).  In  addition,

26   the deprivation of outdoor exercise may constitute an Eight Amendment violation.  *See Keenan*, 83

27   F.3d at 1089.  Further, subjecting a prisoner to a lack of sanitation may also constitute an

28

1    Eighth Amendment violation.  Because plaintiff makes factual allegations related to each of these

2    potential constitutional violations, the court finds that plaintiff, a pretrial detainee, has stated a

3    colorable due process claim.

4         **C.     Count II**

5         In count two, plaintiff alleges a due process claim in connection with a disciplinary

6    proceeding instituted against him while he was incarcerated.  In order to state a cause of action for

7    deprivation of procedural due process, a plaintiff must first establish the existence of a liberty

8    interest for which the protection is sought. Where a protected liberty interest exists, the Supreme

9    Court has set out the following procedural due process requirements for disciplinary detention of a

10   prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner

11   receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3)

12   a written statement by the fact finders of the evidence they rely on and reasons for taking

13   disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him

14   to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal

15   assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.

16   *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

17        In this case, plaintiff alleges that he was not given fair notice of the rules, regulations and

18   policies that directly affected him during his incarceration, especially those that related to

19   disciplinary actions.  He claims that this prevented him from preparing a defense to the charges

20   against him that was consistent with the rules, regulations and policies.  Plaintiff alleges that he was

21   not offered counsel of any kind to assist in understanding the disciplinary procedure, and that

22   requested witnesses were not called.   He claims that he was not afforded an impartial hearing

23   officer, and was not supplied with a statement of the reasons for the disciplinary decision against

24   him.  Finally, Plaintiff alleges that he was punished by, *inter alia*, deprivation of recreation time

25   outside of his cell, telephone usage, access to the commissary, and access to reading material.  He

26   claims that his shower access was restricted.   The court finds that under the legal standard set forth

27   above, these factual allegations state a colorable due process claim.

28

1

     **D.     Count III**

2          In count 3, plaintiff alleges violations of his Sixth Amendment right to counsel, based on

3   restrictions on, and lack of privacy in, telephone contact with his counsel.  Plaintiff claims that this

4   adversely affected the ultimate fairness of his criminal proceeding.  The Ninth Circuit has

5   specifically addressed a similar claim and has found it to be barred by the holding in *Heck v.*

6   *Humphrey*, 512 U.S. 477 (1994)( holding that a Section1983 action is barred  if success in that

7   action would necessarily demonstrate the invalidity of confinement or its duration).   *Valdez v.*

8   *Rosenbaum*, 302 F.3d 1039, 1049 (2002).  Plaintiff's related claim of lack of access to a law library

9   is barred on the same basis.  Accordingly, count 3 will be dismissed for failure to state a claim upon

10   which relief can be granted.

11

     **E.     Count IV**

12         In count four, plaintiff alleges a violation of his First Amendment right of access to the

13   courts.  He claims that the Carson City Detention Facility provides no access to any research

14   materials of any kind, and no access to any law library.  Plaintiff claims that because of this,

15   defendants impeded his access to the courts for the period between June 3, and June 17, 2008,

16   preventing him from filing what would eventually be *Van Nort v. Carson City Sheriffs Office*, 3:08-

17   cv-00689-ECR-VPC.

18         A prisoner alleging a violation of his right of access to the courts must demonstrate that he

19   has suffered "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996).  The right to access the

20   courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions

21   challenging conditions of confinement.  *Id*. at 354-55.  "An inmate cannot establish relevant actual

22   injury simply by establishing that his prison's law library or legal assistance program is sub-par in

23   some theoretical sense."  *Id*. at 351.  Rather, the inmate "must go one step further and demonstrate

24   that the library or legal assistance program hindered his efforts to pursue a legal claim."  *Id*.  The

25   actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had

26   been frustrated or was being impeded."  *Id*. at 353.

27

28

1    The initial document in *Van Nort v. Carson City Sheriffs Office*, 3:08-cv-00689-ECR-VPC,

2  was filed in this court on December 30, 2008.  The case was dismissed without prejudice on January

3  8, 2009, due to plaintiff's failure to either pay the $350 filing fee or a properly completed application

4  to proceed *in forma pauperis*.  Although plaintiff claims that if he had access to a law library he

5  would have been able to satisfy the filing requirements and the requirements for the issuance of a

6  temporary restraining order, he has not demonstrated that a nonfrivolous claim was frustrated or

7  impeded.  The court will therefore dismiss count four for failure to state a claim upon which relief

8  can be granted.

9

10    **IT IS THEREFORE ORDERED** that plaintiff's motion to file a longer than normal

11  complaint is **GRANTED**.  (Docket #14.)

12    **IT IS FURTHER ORDERED** that the Clerk shall **FILE** the amended complaint.  (Docket

13  #14-1.)

14    **IT IS FURTHER ORDERED** that count three of the amended complaint is  **DISMISSED**

15  with prejudice.

16    **IT IS FURTHER ORDERED** that count four of the amended complaint is **DISMISSED**

17  without prejudice.

18    **IT IS FURTHER ORDERED** as follows:

19    1.  The Clerk **shall electronically serve a copy of this order, including the attached**

20  **Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's complaint, on**

21  **the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

22    2.  The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the

23  date of entry of this order whether it can accept service of process for the named defendants.  As to

24  any of the named defendants for which the Attorney General's Office cannot accept service, the

25  Office shall file, *under seal*, the last known address(es) of those defendant(s).

26    3.  If service cannot be accepted for any of the named defendant(s), plaintiff shall file a

27  motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a

28

1  full name and address for said defendant(s).  Plaintiff is reminded that, pursuant to Rule 4(m) of the

2  Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120)

3  days of the date the complaint was filed.

4          4.  If the Attorney General accepts service of process for any named defendant(s), such

5  defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30)**

6  **days** following the date of the early inmate mediation.  If the court declines to mediate this case, an

7  answer or other response shall be due within **thirty (30) days** following the order declining

8  mediation.

9          5.  The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent

10  to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

11          **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if an

12  appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or

13  other document submitted for consideration by the court.  Plaintiff shall include with the original

14  paper submitted for filing a certificate stating the date that a true and correct copy of the document

15  was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of

16  appearance, the plaintiff shall direct service to the individual attorney named in the notice of

17  appearance, at the address stated therein.  The Court may disregard any paper received by a district

18  judge or magistrate judge which has not been filed with the Clerk, and any paper received by a

19  district judge, magistrate judge or the Clerk which fails to include a certificate showing proper

20  service.

21          DATED this 28th day of October, 2010.

22

23                                                    _____

24                                                    LARRY R. HICKS
                                                       UNITED STATES DISTRICT JUDGE

25

26

27

28

9

1

_____
Name

2

_____
Prison Number (if applicable)

3

_____
Address

4

_____

5

_____

6

UNITED STATES DISTRICT COURT

7

DISTRICT OF NEVADA

8

_____,   )          Case No. _____

9
                                Plaintiff,             )
                                                       )
10   v.                                                )     **NOTICE OF INTENT TO**
                                                       )     **PROCEED WITH MEDIATION**
11   _____   )
                                                       )
12   _____   )
                                Defendants.             )
13   _____)

14          This case may be referred to the District of Nevada's early inmate mediation program.  The
     purpose of this notice is to assess the suitability of this case for mediation.  Mediation is a process by
15   which the parties meet with an impartial court-appointed mediator in an effort to bring about an
     expedient resolution that is satisfactory to all parties.

16

17   1.     Do you wish to proceed to early mediation in this case? \_\_\_\_ Yes  \_\_\_\_ No

18   2.     If no, please state the reason(s) you do not wish to proceed with mediation? _____

19          _____

20          _____

21          _____

22   3.     List any and all cases, including the case number, that plaintiff has filed in federal or state
            court in the last five years and the nature of each case. (Attach additional pages if needed).
23

24          _____

25          _____

26          _____

27   4.     List any and all cases, including the case number, that are currently pending or any pending
            grievances concerning issues or claims raised in this case. (Attach additional pages if
            needed).
28

10

1      _____

2      _____

3      _____

4      _____

5    5.      Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case

6    is suitable for mediation.  (Attach additional pages if needed).

7      _____

8      _____

9      _____

10      _____

11      **This form shall be filed with the Clerk of the Court on or before twenty  (20) days from the date of entry of this order.**

12

13      <u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in

14    mediation.

15      Dated this \_\_\_\_ day of _____, 2010.

16

17                   _____

                        Signature

18

19                   _____

                        Name of person who prepared or

20                         helped prepare this document

21

22

23

24

25

26

27

28