FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 2 3 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SCOTTIE RAY VAN NORT, | 3:09-cv-00042-LRH (RAM) |
| Plaintiff, | |
| vs. | |
| GLEN FAIR, et. al., | |
| Defendants. | |
| SCOTTIE RAY VAN NORT | 3:09-cv-00109-LRH (RAM) |
| Plaintiff, | |
| vs. | |
| RICK ASHER, et. al., | |
| SCOTTIE RAY VAN NORT, | 3:09-cv-00110-LRH (RAM) |
| Plaintiff, | |
| vs. | |
| GLEN FAIR, et. al. | |
| Defendants. | **ORDER** |

Plaintiff Scottie Ray Van Nort (Plaintiff), an inmate at Northern Nevada Correctional Center (NNCC), is proceeding *pro se* and *in forma pauperis,* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2011, Case Nos.: 3:09-cv-00042-LRH (RAM), 3:09-cv-00109-LRH (RAM), and 3:09-cv-00110-LRH (RAM) were consolidated. (*See* Doc.

# 30.) These cases have a combined twelve counts which survived screening. Pending before the court are the following motions filed by Plaintiff:

    (1) Motion for Leave to Amend in 3:09-cv-00042-LRH (RAM) (Doc. # 36)[1];

    (2) Motion for Revision of Orders Subject to FRCP 54(b) (Doc. # 41);

    (3) Motion for Leave to Amend in 3:09-cv-00109-LRH (RAM) (Doc. # 42);

    (4) Motion for Leave to Amend in 3:09-cv-00110-LRH (RAM) (Doc. # 43);

    (5) Motion to Extend Discovery (Doc. # 57); and

    (6) Motion for Issuance of Subpoenas (Doc. # 46).

**A. Motion for Leave to Amend in 3:09-cv-00042-LRH (RAM) (Doc. # 36)**

On May 5, 2011, Plaintiff filed a Motion for Leave to Amend the complaint in case 3:09-cv-00042-LRH (RAM). (Doc. # 36.)

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading ". . . shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, the decision to grant leave lies solely within the discretion of the trial court and factors to be considered include, but are not limited to: prejudice to the opposing party, undue delay, bad faith, dilatory motive and futility. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb*, 655 F.2d 977, 979-80 (9th Cir. 1981).

Plaintiff filed his complaint in this action, and thereafter was given leave to file an amended complaint. (*See* Doc. # 7, # 13, # 15, and Pl.'s Am. Compl. (Doc. # 16).) Plaintiff sued various defendants alleging constitutional violations occurring during his fourteen-day incarceration in the Carson City jail from June 3, 2008 to June 17, 2008. (Doc. # 16.)

The Amended Complaint includes Counts 1-4. (Doc. # 16.) On screening, the court dismissed Count 3 with prejudice, and Count 4 without prejudice. (Doc. # 15 at 8.) By way of the instant motion for leave to amend, Plaintiff seeks to cure the deficiencies in Count 4.

---

[1] Refers to court's docket number. Unless otherwise noted, references are to docket numbers in case 3:09-cv-00042-LRH (RAM).

Count 4 alleges a violation of Plaintiff's First Amendment right of access to the courts. Specifically, Plaintiff alleges that the Carson City jail provides no access to research materials and has no law library. As a result, Plaintiff alleges that his access to courts was impeded for the period between June 3-17, 2008, preventing him from filing what would eventually be *Van Nort v. Carson City Sheriff's Office*, 3:08-cv-00689-ECR (VPC).

Plaintiff essentially argues that the court should let his claim proceed because the court is required to construe the allegations of his complaint in his favor. That does not change the fact that Plaintiff still fails to state a claim under 42 U.S.C. § 1983. To do so, Plaintiff is required to allege a right secured by the Constitution or laws of the United States was violated. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Fed.R.Civ.P. 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint. A plaintiff can be given leave to amend to cure the deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

On screening, the court specifically pointed out to Plaintiff that in order to state a claim for violation of his First Amendment right of access to the courts, he was required to allege facts showing that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 354-55. "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351. Rather, the inmate "must go one step further and demonstrate that the library or legal

3

assistance program hindered his efforts to pursue a legal claim." *Id.* The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353.

The initial document in *Van Nort v. Carson City Sheriff's Office*, 3:08-cv-00689-ECR (VPC) was filed on December 30, 2008. The case was dismissed without prejudice on January 8, 2009, due to plaintiff's failure to either pay the $350 filing fee or file a properly completed application to proceed *in forma pauperis*. On screening, the court found that while Plaintiff claims if he had access to a law library he would have been able to satisfy the filing requirements and the requirements for issuance of a temporary restraining order, he failed to demonstrate that a nonfrivolous claim was frustrated or impeded.

In his proposed second amended complaint, Plaintiff alleges that he had claims stemming from his incarceration in the Churchill County Jail in June 2006. (Doc. # 36-1 at 10.) He asserts that these claims include violations of his Fourth Amendment rights relating to search and seizure. (*Id.*) The fourth Amendment claim is not a direct appeal of a criminal case, a habeas corpus petition, or a § 1983 claim concerning conditions of confinement. Thus, Plaintiff has not stated a § 1983 claim under these facts.

Plaintiff also asserts that the § 1983 claims in case 3:09-cv-00041-BES (RAM) as well as this action were ripe for filing and were impeded. He does not explain how they were impeded, and concedes these actions were filed. These are the same allegations Plaintiff made in his amended complaint that were dismissed on screening. While Plaintiff claims he would have been able to satisfy the *in forma pauperis* filing requirements and the requirements for issuance of a temporary restraining order, he still has not shown that a nonfrivolous claim was frustrated or impeded.

Plaintiff's motion to amend his complaint and proposed second amended complaint fail to assert any allegation that would resurrect this claim. He has simply not set forth an allegation of any actual injury as a result of an alleged violation of his First Amendment right to access the courts. Moreover, Plaintiff waited from the time the court dismissed this

claim, October 29, 2010, until May 5, 2011 to seek leave to amend his complaint. Defendants are correct that Plaintiff unduly delayed seeking amendment. Therefore, Plaintiff's Motion for Leave to Amend in 3:09-cv-00042-LRH (RAM) (Doc. # 36) is denied.

**B. Motion for Revision of Orders Subject to FRCP 54(b) (Doc. # 41)**

On May 23, 2011, Plaintiff filed a Motion for Revision of Orders Subject to Rule 54(b). (Doc. # 41.) Defendants are correct that this is yet another attempt by Plaintiff to challenge the court's screening orders. In 3:09-cv-00042-LRH (RAM), the court dismissed Count 3 with prejudice, and Count 4 without prejudice. (Doc. # 15.) In 3:09-cv-00109-LRH (RAM), the court dismissed Counts 1-6, and 9-11 with prejudice. (Doc. # 5 in 3:09-cv-00109-LRH(RAM).) In 3:09-cv-00110-LRH (RAM), the court dismissed Counts 1, 3, 4, 6, 8, 9, 11, 13 and 14 with prejudice, and dismissed defendants Furlong, Mays, Lee, Collazo, John Doe Policy-Maker and the Carson City Board of Commissioners with prejudice. (Doc. # 14 in 3:09-cv-00110-LRH (RAM).) This motion, like the three others filed by Plaintiff, seeks to amend his complaint. For those claims dismissed with prejudice, Plaintiff's arguments are unavailing. These claims are no longer part of any action, and cannot be brought again. As to Count 4 in 3:09-cv-00042, the court has addressed Plaintiff's request to amend the complaint in that regard above. Plaintiff failed to cure the deficiencies with respect to Count 4. Therefore, Plaintiff's motion (Doc. # 41) is denied.

**C. Motion for Leave to Amend in 3:09-cv-00109-LRH (RAM) (Doc. # 42)**

On May 23, 2011, Plaintiff filed the Motion for Leave to Amend the complaint filed in 3:09-cv-00109-LRH (RAM). (Doc. # 42.) The court screened Plaintiff's original complaint in this case and entered an order dismissing Counts 1, 2, 3, 4, 5, and 6, 9, 10, and 11 with prejudice. (Doc. # 5 in 3:09-cv-00109-LRH (RAM).) In addition, he court dismissed Count 7 without prejudice as to defendants Ramsey, Furlong, and Wall. (*Id.*) Plaintiff was given thirty (30) days leave to amend Count 7. (*Id.*) On February 8, 2010, Plaintiff filed an Amended Complaint. (Doc. # 23.) In screening the Amended Complaint, the court found that Plaintiff had violated the court's order granting leave to amend by greatly altering his

5

amended complaint. (Doc. # 26 in 3:09-cv-00109-LRH (RAM).) The court ordered that the case would only proceed on the following claims in the original complaint: (1) Plaintiff's claim against defendant Hindelang in Count 7; (2) Plaintiff's claim against the Doe defendants in Count 8; (3) Count 12; (4) Count 13; and (5) Count 14.

The court could not have been more clear. The current motion for leave to amend and proposed amended complaint directly violates at least two court orders. (Doc. # 5 and Doc. # 26.) It seeks to amend counts that were previously dismissed by the court with prejudice. Plaintiff has set forth no valid basis to amend the complaint. Accordingly, Plaintiff's Motion for Leave to Amend the complaint in 3:09-cv-00109-LRH (RAM) (Doc. # 42) is denied.

**D. Motion for Leave to Amend in 3:09-cv-00110-LRH (RAM) (Doc. # 43)**

Plaintiff filed a third Motion for Leave to Amend the complaint filed in 3:09-cv-00110-LRH (RAM). (Doc. # 43.) In this action, the court dismissed Counts 1, 3, 4, 6, 8, 9, 11, 13 and 14, with prejudice. (Doc. # 14 in 3:09-cv-00110-LRH (RAM).) The court also dismissed defendants Board of Commissioners of Carson City, Furlong, Mays, Lee, Collazo, and John Doe Policy-Maker with prejudice. (*Id.*) The court specifically ordered that the Amended Complaint would proceed on Counts 2, 5, 7, 10, and 12 against Defendants Fair, Wall, Ramsey, Sgt. Does # 1, # 2, # 3 and # 4, and Deputy Does # 1, # 2, # 3, and # 4. (*Id.*)

Defendants are correct that Plaintiff's motion to amend seeks to revive claims that were dismissed with prejudice on screening. There is no valid basis for Plaintiff to amend his complaint in this regard. Therefore, Plaintiff's Motion for Leave to Amend in 3:09-cv-00110-LRH (RAM) is denied.

**E. Motion to Extend Discovery (Doc. # 57) & Motion for Issuance of Subpoenas (Doc. # 46)**

On July 13, 2011, Plaintiff a motion to extend the discovery deadline. (Doc. # 57.) On August 12, 2011, Plaintiff filed a notice of his inability to proceed because he has not been given pens. (Doc. # 61.) In granting the last extension of discovery deadlines the

6

court clearly admonished the parties, "**[t]here shall be no further extensions of these deadlines absent extraordinary circumstances**." (Doc. # 30.) Plaintiff has had more than enough time to conduct discovery in each of these cases. Moreover, Plaintiff's asserted reason for requesting the extension, that he has been unable to procure pens from NDOC, is belied by the fact that Plaintiff has filed and continues to file documents in these consolidated actions. Plaintiff has not set forth any extraordinary circumstances justifying an extension of the current discovery deadline. Finally, any motions to extend the deadlines were to be received by the court no later than twenty-one days before the discovery cutoff date of July 22, 2011. LR 26-4. Plaintiff attributes the untimeliness of the motion to his transfer between institutions, however he admits this was completed on June 22, 2011. In view of the fact that Plaintiff has not presented extraordinary circumstances justifying an extension of the discovery deadline, there will be no further delays in this matter. The motion to extend discovery is denied, with the exception of the possible issuance of subpoenas as provided below.

On June 2, 2011, prior to the discovery deadline, Plaintiff filed a motion for issuance of subpoenas. (Doc. # 46.) Defendants objected. (*See* Doc. # 55.) Plaintiff requests five blank subpoenas signed under seal of the court to issue in these cases. (Doc. # 46.) Defendants argue that Plaintiff has already propounded an unreasonable amount of discovery in this matter. (Doc. # 55.) Defendants urge the court to limit discovery by requiring that Plaintiff (1) submit a list of those individuals he plans to subpoena prior to the issuance of any subpoenas; and (2) make a showing that any discovery sought therein is not obtainable from some other source. (*Id.*)

The court is aware of the volume of discovery propounded by Plaintiff in these cases. Therefore, the court finds Defendants' suggestion reasonable and denies Plaintiff's motion for the issuance of subpoenas (Doc. # 46), without prejudice. Plaintiff may renew his motion for the issuance of subpoenas provided he does so within **fifteen (15) days** of this

order and concurrently submits: (1) a list of those individuals he plans to subpoena; and (2) a showing that any discovery sought via subpoena is not obtainable from some other source.

## CONCLUSION

**IT IS HEREBY ORDERED:**

(1) Plaintiff's Motion for Leave to Amend in 3:09-cv-00042-LRH(RAM) (Doc. # 36) is **DENIED**;

(2) Plaintiff's Motion for Revision of Orders Subject to FRCP 54(b) (Doc. # 41) is **DENIED**;

(3) Plaintiff's Motion for Leave to Amend in 3:09-cv-00109-LRH(RAM) (Doc. # 42) is **DENIED**;

(4) Plaintiff's Motion for Leave to Amend in 3:09-cv-00110-LRH(RAM) (Doc. # 43) is **DENIED**;

(5) Plaintiff's Motion to Extend Discovery (Doc. # 57) is **DENIED** except for the possible issuance of subpoenas as outlined above;

(6) Plaintiff's Motion for the Issuance of Subpoenas (Doc. # 46) is **DENIED without prejudice.** Plaintiff may renew his motion for the issuance of subpoenas provided he does so within **fifteen (15) days** of this order and submits: (1) a list of those individuals he plans to subpoena; and (2) a showing that any discovery sought via subpoena is not obtainable from some other source.

DATED: August 23, 2011.

UNITED STATES MAGISTRATE JUDGE

8