```
                    FILED            RECEIVED
                    ENTERED          SERVED ON
                              COUNSEL/PARTIES OF RECORD

                         SEP 29 2011

                    CLERK US DISTRICT COURT
                       DISTRICT OF NEVADA
             BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SCOTTIE RAY VAN NORT,<br><br>    Plaintiff,<br><br>  vs.<br><br>GLEN FAIR, et. al.,<br><br>    Defendants. | 3:09-cv-00042-LRH (WGC) |
| SCOTTIE RAY VAN NORT<br><br>    Plaintiff,<br><br>  vs.<br><br>RICK ASHER, et. al., | 3:09-cv-00109-LRH (WGC) |
| SCOTTIE RAY VAN NORT,<br><br>    Plaintiff,<br><br>  vs.<br><br>GLEN FAIR, et. al.<br><br>    Defendants. | 3:09-cv-00110-LRH (WGC)<br><br>**ORDER** |

Plaintiff Scottie Ray Van North (Plaintiff), formerly an inmate in custody of the Nevada Department of Corrections (NDOC), is proceeding *pro se* and *in forma pauperis*, in this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2011, Case Nos. 3:09-cv-00042-LRH (WGC), 3:09-cv-00109-LRH (WGC), and 3:09-cv-00110-LRH (WGC) were consolidated. (*See* Doc. # 30.) These cases have a combined twelve counts which survived screening. Pending before the court are the following motions filed by Plaintiff:

(1) Motion to Extend Time to Respond to Motion for Summary Judgment (Doc. # 69);

(2) Renewed Motion for the Issuance of Subpoenas (Doc. # 70);

(3) Motion to Enter Final Judgment (Doc. # 72); and

(4) Motion for Production of Transcripts Hearings (Doc. # 73).

**(1) Motion to Extend Time to Respond to Motion for Summary Judgment (Doc. # 69)**

Defendants filed their motion for summary judgment on August 19, 2011. (Doc. # 62.) Plaintiff's opposition was due by September 12, 2011. Plaintiff failed to timely oppose the motion. Noting Plaintiff's failure to file an opposition, Defendants filed a reply on September 16, 2011, requesting that summary judgment be granted and that judgment be entered in favor of Defendants. (Doc. # 68.)

On September 21, 2011, Plaintiff filed a motion to extend time to oppose the motion for summary judgment. (Doc. # 69.) Plaintiff seeks an extension up to and including November 1, 2011 to file his opposition. Plaintiff asserts many reasons for not being able to file his opposition in time, including, not having a proper writing instrument, inconsistent communication with the law library, and he cannot concentrate because of the noise level at the prison.

Plaintiff's excuses are belied by the copious amount of documents that Plaintiff has filed and continues to file in this action. Moreover, this motion to extend the deadline to file an opposition is thirty pages long. The court notes that Plaintiff's time may have been better spent on his opposition to the motion for summary judgment. Nevertheless, because this is a dispositive motion, the court will afford Plaintiff a brief extension of time. Plaintiff must file his opposition to Defendant's motion for summary judgment on or before **Friday, October 21, 2011**. **THERE WILL BE NO FURTHER EXTENSIONS**. If Plaintiff fails to timely file an opposition, the motion will be submitted to the court unopposed. Pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion.

2

**(2) Renewed Motion for the Issuance of Subpoenas (Doc. # 70)**

On September 21, 2011, Plaintiff filed a renewed motion for the issuance of subpoenas. (Doc. # 70.)

On August 23, 2011, this court issued an order concerning Plaintiff's motion to extend the discovery deadline (Doc. # 57) and Plaintiff's motion for issuance of subpoenas (Doc. # 46). (*See* Doc. # 64.) The court denied the motion to extend the discovery deadline, with the exception of the possible issuance of subpoenas. Plaintiff had requested five blank subpoenas signed under seal of the court to issue in this case. (Doc. # 46.) The court denied Plaintiff's motion for the issuance of blank subpoenas, without prejudice, allowing Plaintiff to renew his motion, provided he file any renewed motion within 15 days of the August 23, 2011 order, and provided he concurrently submit a list of the individuals he plans to subpoena, and a make a showing that any discovery sought via subpoena is not obtainable from some other source. (*See* Doc. # 64 at 6-8.)

The renewed motion for the issuance of subpoenas is untimely. By way of the August 23, 2011 order, any renewed motion had to be filed within fifteen days, or by September 7, 2011. Plaintiff's motion was not filed until September 21, 2011. Moreover, Plaintiff fails to submit the list of individuals he plans to subpoena. Finally, he fails to show that the discovery sought by subpoena is not obtainable from some other source. Accordingly, Plaintiff's motion (Doc. # 70) is **DENIED**.

**(3) Motion to Enter Final Judgment (Doc. # 72)**

On September 21, 2011, Plaintiff filed a motion to enter final judgment. (Doc. # 72.)

**(a) Request for reconsideration of the court's Order on Doc. # 41**

While Plaintiff may have titled this a motion to enter final judgment, it also includes a request for reconsideration of the court's order on Doc. # 41. The court construed the motion as a motion to amend the complaint, and denied the motion. (*See* Doc. # 64 at 5.) "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of

1  judicial resources.'" *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.
2  2000) (citation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent
3  highly unusual circumstances, unless the district court is presented with newly discovered
4  evidence, committed clear error, or if there is an intervening change in the controlling law.'"
5  *Id.* (citation omitted). Accordingly, to the extent Plaintiff's motion (Doc. # 72) can be
6  construed as a motion for reconsideration as to the court's order set forth at Doc. # 64, the
7  motion is **DENIED**.

### (b) Request to enter final judgment pursuant to FRCP 54(b)

Next, Plaintiff asks the court to enter final judgment under Federal Rule of Civil Procedure (FRCP) 54(b) as to the claims that were dismissed with prejudice on screening (Count 3 in 3:09-cv-00042-LRH (RAM); Counts 1-6, 9-11 in 3:09-cv-00109; Counts 1, 3, 4, 6, 8, 9, 11, 13, and 14 in 3:09-cv-00110-LRH (RAM)).

FRCP 54(b) provides:

> "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim-- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties rights and liabilities." Fed.R.Civ.P. 54(b).

The court declines to enter final judgment pursuant to FRCP 54(b) as to the claims dismissed with prejudice on screening in these consolidated actions. Such a ruling may result in piecemeal appeals, and would not be in the interests of judicial economy. *See S.E.C. v. Platforms Wireless Intern. Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010) (citation omitted) ("Analyzing a Rule 54(b) judgment requires a 'pragmatic approach' with focus 'on severability and efficient judicial administration.'"); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005) (Rule 54(b) analysis includes consideration of "such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units."); *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir.

4

2006). Therefore, Plaintiff's motion to enter final judgment pursuant to FRCP 54(b) is **DENIED**.

**(c) Request for reconsideration of order denying motion to extend discovery**

Finally, Plaintiff objects to the court's ruling in Doc. # 64 concerning the extension of discovery set forth at Doc. # 57. This can also be construed as a motion for reconsideration. The court declines to reconsider its previous order concerning the extension of discovery. The request for reconsideration of the court's order denying Plaintiff's request to extend discovery is **DENIED**.

**(4) Motion for Production of Transcripts Hearings (Doc. # 73)**

On September 21, 2011, Plaintiff filed a motion for production of transcript hearings. (Doc. # 73.) He requests transcripts of hearings on March 24, 2011 and April 22, 2011. Plaintiff's Motion for Production of Transcripts (Doc. # 73) is **DENIED**. Plaintiff may submit a transcript request form to the Clerk of the Court together with the appropriate fee. The **CLERK SHALL SEND** a transcript request form to Plaintiff for his use.

## CONCLUSION

**IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Extend Time to Respond to Motion for Summary Judgment (Doc. # 69) is **GRANTED**. Plaintiff shall file his opposition to Defendants' Motion for Summary Judgment **ON OR BEFORE FRIDAY, OCTOBER 21, 2011. THERE WILL BE NO FURTHER EXTENSIONS**. If Plaintiff fails to timely file an opposition, the motion will be submitted to the court unopposed. Pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute consent to the granting of the motion;

(2) Plaintiff's Renewed Motion for the Issuance of Subpoenas (Doc. # 70) is **DENIED**;

(3) Plaintiff's Motion to Enter Final Judgment (Doc. # 72) is **DENIED**; and

5

1  (4) Plaintiff's Motion for Production of Transcripts Hearings (Doc. # 73) is **DENIED**.
2  The **CLERK SHALL SEND** a transcript request form to Plaintiff for his use.

4  Dated: September 29th, 2011

*[Signature]*

UNITED STATES MAGISTRATE JUDGE